NEW JERSEY DEPARTMENT OF the PUBLIC ADVOCATE, Division of Rate Counsel, Petitioner

v.

FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents

Verizon Communications Inc., Intervenor.

No. 07–1020.

United States Court of Appeals, District of Columbia Circuit.

Jan. 30, 2008.

Christopher J. White, Department of Treasury of New Jersey Division of the Ratepayer Advocate, Newark, NJ, Stefanie A. Brand, Attorney General's Office of State of New Jersey Division of Law, Trenton, NJ, for Petitioner.

Laurel R. Bergold, Counsel, John Edward Ingle, Deputy Associate General Counsel, Richard Kiser Welch, Counsel, Nandan M. Joshi, Joseph R. Palmore, Samuel Louis Feder, General Counsel, Federal Communications Commission, Thomas Overton Barnett, U.S. Department of Justice, (DOJ) Antitrust Division, Robert B. Nicholson, Attorney, Robert J. Wiggers, Attorney, U.S. Department of Justice, (DOJ) Antitrust Division, Appellate Sec., Washington, DC, for Respondents.

Aaron M. Panner, Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC, Washington, DC, Michael E. Glover, Edward H. Shakin, Arlington, VA, for Intervenor.

Before: GINSBURG, Chief Judge, SENTELLE, Circuit Judge, and EDWARDS, Senior Circuit Judge.

## *JUDGMENT*

This petition was considered on the record from the Federal Communications Commission as well as the briefs and oral arguments of counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. *See* D.C. Cir. Rule 36(b). It is

**ORDERED and ADJUDGED** that the petition be denied.

Rate Counsel has standing under Article III to bring this petition. The Order caused injury to New Jersey customers because it granted the LECs the legal authority to charge them higher rates. Vacating the Order, and thereby allowing those customers to challenge the tariff filed by Embarq, would redress that injury. *See Bennett v. Spear*, 520 U.S. 154, 168–69, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997).

The decision of the FCC permitting the LECs to treat the settlement payouts as exogenous costs was reasonable. The LECs collected EUCL charges from the IPSPs in reliance upon orders of the FCC. Because the FCC later changed its position and ordered the LECs to refund those charges to the IPSPs, the LECs lost revenue to which they were entitled under the

rate cap. Therefore, the FCC reasonably permitted them to recover those charges from end users as exogenous costs. We have considered and rejected each of Rate Counsel's objections.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing en banc. *See* D.C. Cir. Rule 41(a)(1).